UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH R. PATTERSON,<br><br>              Petitioner,<br><br>   vs.<br><br>AMBER PIRRAGLIA[1], Interim Warden of the South Dakota State Penitentiary,<br><br>              Respondent. | 4:24-CV-04014-VLD<br><br><br>ORDER FOR FURTHER BRIEFING |

Petitioner, Joseph R. Patterson, an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254. See Docket No. 1. Respondent filed two motions to dismiss in response to Mr. Patterson's petition. Docket Nos. 9 & 10.

The court has preliminarily reviewed the parties' briefs on the motions to dismiss and the state court documents related to Mr. Patterson's direct appeal of his convictions and sentences. It appears to the court that Mr. Patterson's claim three from his federal habeas petition is not exhausted.

---

[1] Mr. Patterson named Teresa Bittinger as respondent in his petition, but Ms. Bittinger is no longer the warden of the South Dakota State Penitentiary. Pursuant to Fed. R. Civ. P. 21, the court substitutes Amber Pirraglia, the interim warden, as respondent.

-
-
-
-

In claim three Mr. Patterson asserts his Sixth Amendment right to a fair trial was violated by the trial court when the trial court allowed the prosecution to present expert testimony that the victim died from "abusive" head trauma "and other similar diagnoses."  See Docket No. 1 at pp. 7-8.  A federal court may not consider a claim for relief in a habeas corpus petition if the petitioner has not exhausted his state remedies.  See 28 U.S.C. § 2254(b).  "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

If a ground for relief in the petitioner's claim makes factual or legal arguments that were not present in the petitioner's state claim, then the ground is not exhausted.  Kenley v. Armontrout, 937 F.2d 1298, 1302 (8th Cir. 1991).  The exhaustion doctrine protects the state courts' role in enforcing federal law and prevents the disruption of state judicial proceedings.  Rose v. Lundy, 455 U.S. 509, 518 (1982).  The Supreme Court has stated:

> Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose, 455 U.S. at 518 (quoting Darr v. Burford, 339 U.S. 200, 204 (1950)).  This rule requires state prisoners to seek complete relief on all claims in state

court prior to filing a writ of habeas corpus in federal court. Federal courts should, therefore, dismiss a petition for a writ of habeas corpus that contains claims that the petitioner did not exhaust at the state level. See 28 U.S.C. § 2254; Rose, 455 U.S. at 522.

"A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993). A federal court must determine whether the petitioner fairly presented an issue to the state courts in a federal constitutional context. Satter v. Leapley, 977 F.2d 1259, 1262 (8th Cir. 1992). "To satisfy exhaustion requirements, a habeas petitioner who has, on direct appeal, raised a claim that is decided on its merits need not raise it again in a state post-conviction proceeding." Id.

A four-step analysis applies to determine whether a federal court can consider a habeas petition when the petitioner had not presented the claims to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). Initially, "the court must determine if the petitioner fairly presented the federal constitutional dimensions of his federal habeas corpus claim to the state courts." Id. If not, the federal court must next consider whether the exhaustion requirement is nevertheless met because no "currently available, non-futile state remedies through which petitioner can present his claim" exist. Id. (quoting Laws v. Armontrout, 834 F.2d 1401, 1412 (8th Cir. 1987)). If a state remedy does not exist, the court must determine whether petitioner has

demonstrated "adequate cause to excuse his failure to raise the claim in state court properly." Id. (quoting Laws, 834 F.2d at 1415). If petitioner has shown sufficient cause, the court must decide whether he has "shown actual prejudice to his defense resulting from the state court's failure to address the merits of the claim." Id. The petitioner must prevail at each step of the analysis to prevent dismissal of his petition. Id.

Fairly presenting a federal claim requires more than simply going through the state courts:

> The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

Picard v. Connor, 404 U.S. 270, 276 (1971). It is also not enough for the petitioner to assert facts necessary to support a federal claim or to assert a similar state-law claim. Ashker, 5 F.3d at 1179. The petitioner must present both the factual and legal premises of the federal claims to the state court. Smittie, 843 F.2d at 297 (citing Laws, 834 F.2d at 1412). "The petitioner must 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.' " Ashker, 5 F.3d at 1179. This does not, however, require petitioner to cite "book and verse on the federal constitution." Picard, 404 U.S. at 278 (citing Daugharty v. Gladden, 257 F.2d 750, 758 (9th Cir.

1958)). The petitioner must simply make apparent the constitutional substance of the claim. Satter, 977 F.2d at 1262.

Mr. Patterson did not present claim three in his state habeas petition. See Patterson v. Sullivan, CIV 18-672 at p. 1149 (state habeas court decision setting forth the claims presented for decision). Therefore, if this claim is exhausted at all, it would only be through the vehicle of Mr. Patterson's direct appeal of his conviction. Mr. Patterson asserts he raised the constitutional claim presented to this court in claim three in his direct appeal. Docket No. 21 at p. 16.

In the South Dakota Supreme Court's opinion on Mr. Patterson's direct appeal, there is no mention of "fair trial," "Sixth Amendment," or "constitution" in connection with claim three—the assertion herein that the trial court violated Mr. Patterson's Sixth Amendment right to a fair trial through allowance of the state's expert testimony. Patterson, 904 N.W.2d at 50-51.

In Mr. Patterson's briefs on appeal, he made no mention of a "fair trial," the "Sixth Amendment," or the constitution in setting forth and arguing claim three regarding the prosecution's introduction of expert testimony. See State v. Patterson, S.D. Sup. Ct. No. 27736 at pp. 42-47, and pp. 164-66. In his briefs Mr. Patterson discussed only state rules of evidence and state cases. Id.

Mr. Patterson did cite to two United States Supreme Court cases in the section of his initial brief dealing with the state's introduction of expert testimony. Id. at p. 42. However, one of those cases was a civil matter and

5

dealt only with application of Fed. R. of Evid. 702 under Daubert, not any constitutional issue.[2] Id.  The other case dealt with a mistake in admitting evidence at a federal sentencing hearing.[3] Id.  Neither Supreme Court case dealt with the Sixth Amendment or a "fair trial."  This court concludes claim three presented in this court—a claim that Mr. Patterson's Sixth Amendment right to a fair trial was violated by the state's introduction of expert evidence—was simply never presented *as a constitutional claim* to any state court for decision.

In its motion to dismiss, respondents have not argued that claim three is not exhausted.  See Docket Nos. 10 & 22.  However, § 2254 states that a "State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement."  See 28 U.S.C. § 2254(b)(3).  Although respondents have not raised any failure to exhaust argument in their motion to dismiss, they also have not expressly waived the requirement as the statute requires.  This leaves the court uncertain as to whether failure to exhaust should be an issue in this matter.

---

[2] See State v. Patterson, S.D. Sup. Ct. No. 27736 at p. 42 (citing Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999) (discussing Fed. R. Evid. 702 as applied in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)).

[3] See State v. Patterson, S.D. Sup. Ct. No. 27736 at p. 42 (citing Koon v. United States, 518 U.S. 81, 100 (1996)).

Accordingly, it is hereby

ORDERED that respondent will file a pleading within 14 days of the issuance of this order stating whether they are waiving the exhaustion requirement as to claim three. If respondent is not waiving the exhaustion requirement, the respondent's pleading must explain whether respondent seeks dismissal of count three on exhaustion grounds and set forth the legal and factual basis for in support of dismissal on grounds of failure to exhaust. It is further

ORDERED that Mr. Patterson shall have 21 days after service of respondent's pleading to file a response thereto if he so wishes. If Mr. Patterson files a response, respondent may file a reply within 14 days after service of that response.

DATED this 24th day of October, 2024.

BY THE COURT:

*Veronica L. Duffy*
VERONICA L. DUFFY
United States Magistrate Judge